PROB 22
(Rev. 2/88)

**RECEIVED**
JAN 0 9 2017
U.S. PROBATION OFFICE
TEXAS WESTERN - SAN ANTONIO

**TRANSFER OF JURISDICTION**

SA17CR0066

| | |
|---|---|
| DOCKET NUMBER *(Tran. Court)* | CR10-01236-R |
| DOCKET NUMBER *(Rec. Court)* | |

NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE

Marlon Parris

FILED:
CLERK, U.S. DISTRICT COURT
JAN 1 7 2017
CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

| | |
|---|---|
| DISTRICT | DIVISION |
| Central of California | Western |

NAME OF SENTENCING JUDGE
Honorable Manuel L. Real

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM May 12, 2016 | TO May 11, 2021 |
|---|---|---|

OFFENSE

21 USC 846, 841(a)(1), (b)(1)(A)(ii): Conspiracy to distribute cocaine.

**FILED**
JAN 3 0 2017
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____DEPUTY

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ____CENTRAL____ DISTRICT OF ____CALIFORNIA____

    IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the <u>Western District of Texas</u> upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

____1-3-2017____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ____Western____ DISTRICT OF ____Texas____

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

____1/9/17____
Effective Date

_____
United States District Judge

United States District Court
Central District of California

**UNITED STATES OF AMERICA vs.**          CR 10-1236-R

Defendant **MARLON PARRIS**               S.S.# ------6945

Residence: Metropolitan Detention Center      Mailing: SAME
535 Alameda Street
Los Angeles, CA 90012

------------------------------------------------------------------
**JUDGMENT AND PROBATION/COMMITMENT ORDER**
------------------------------------------------------------------

In the presence of the attorney for the government, the defendant appeared in person, on: NOVEMBER 7, 2011
Month / Day / Year

COUNSEL:

_____ WITHOUT COUNSEL
However, the court advised defendant of right to counsel and asked if defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.

XX WITH COUNSEL David Phillips, appointed

X PLEA:

XX GUILTY, and the Court being satisfied that there is a factual basis for the plea.

FINDING:

There being a finding of XX GUILTY, defendant has been convicted as charged of the offense(s) of: Conspiracy to distribute cocaine in violation of Title 21 USC 846, 841(a)(1), (b)(1)(A)(ii) as charged in count 1 of the indictment.

JUDGMENT AND PROBATION/COMMITMENT ORDER:

The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgement of the court the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of:

Eighty-seven (87) months on counts 1 of the indictment.

IT IS FURTHER ADJUDGED that upon release from imprisonment defendant shall be placed on supervised release for five (5) years, under the following terms and conditions: the defendant 1) shall comply with the rules and regulations of the U.S. Probation Office and General Order 05-02; 2) shall not commit any violation of local, state or federal law or ordinance; 3) shall refrain from any unlawful use of a controlled substance, and shall submit to 1 drug test within 15 days of release from imprisonment and at least 2 periodic drug tests thereafter, not to exceed 8 tests per month, as directed by the Probation Officer; 4) during the period of community supervision shall pay the special assessment in accordance with this judgment's orders pertaining to such payment; 5) shall comply with the immigration rules and regulations of the United States and when deported from this country either voluntarily or involuntarily not reenter the United States illegally and although not required to report to the Probation Office while residing outside of the United States, shall, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, report for instructions

**-- GO TO PAGE TWO --**

WH
Deputy Clerk

-- CONTINUED FROM PAGE ONE --                                    PAGE TWO
=====================================================================
## JUDGMENT AND PROBATION/COMMITMENT ORDER
=====================================================================

to the U. S. Probation Office located at the United States Court
House, 312 North Spring Street, Room 600, Los Angeles, Ca 90012; 6)
when not employed at least part-time or enrolled in an educational or
vocational program, shall perform 20 hours of community service per
week as directed by the Probation Officer; 7) shall cooperate in the
collection of a DNA sample from the defendant; 8) shall participate in
mental health treatment, which may include evaluation and counseling,
until discharged from the treatment by the treatment provider, with the
approval of the Probation Officer; 9) shall as directed by the
Probation Officer, the defendant shall pay all or part of the costs of
treating the defendant's psychiatric disorder to the aftercare
contractor during the period of community supervision, pursuant to 18
U.S.C. 3672; the defendant shall provide payment and proof of payment
as directed by the Probation.
The Court authorizes the Probation Office to disclose the presentence
report, and/or previous mental health evaluations or reports, to the
treatment provider.   The treatment provider may provide information
(excluding the Presentence Report) to State or local social service
agencies (such as the State of California, Department of Social
Services) for the purpose of the client's rehabilitation.
    The Court finds that the property identified in the preliminary
order of forfeiture is subject to forfeiture.   The preliminary order
is incorporated by reference into this judgment and is final as to this
defendant.
    IT IS FURTHER ORDERED that defendant pay a special assessment of
$100.00, which is due immediately.
    IT IS FURTHER ORDERED that all fines and costs of imprisonment are
waived.
    Defendant shall comply with General Order 01-05.
    IT IS FURTHER ORDERED that all remaining counts are dismissed as
to this defendant.
    IT IS FURTHER RECOMMENDED that the Bureau of Prisons conduct a
mental health evaluation of the defendant and provide all necessary
treatment.
    IT IS FURTHER ORDERED that upon completion of his term of
incarceration, defendant shall be delivered to agents of ICE for
determination of his status in this country.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release
set out on the reverse side of this judgment be imposed.   the Court may change the conditions of supervision, reduce or extend the period of supervision,
and at any time during the supervision period or within the maximum period permitted by law may issue a warrant and revoke supervision for a violation
occurring during the supervision period.

Signed by:  District Judge _____

                              MANUEL L. REAL

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment
Order to the U.S. Marshal or other qualified officer.

                              Terry Nafisi, Clerk of Court

Dated/Filed   November 8, 2011        By_____/S/_____
              Month / Day / Year         William Horrell, Deputy Clerk

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

### While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

| | | |
|---|---|---|
| Defendant delivered on | | |
| Defendant noted on appeal on | | |
| Defendant released on | | |
| Mandate issued on | | |
| Defendant's appeal determined on | | |
| Defendant delivered on | to | |

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

B
y

_____          _____
Date                                             Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

B
y

_____          _____
Filed                                            Deputy Clerk
Date

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)
_____          _____
Defendant                                        Date

_____          _____
U. S. Probation Officer/Designated Witness          Date

FILED.

2010 NOV 16 PM 2: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2010 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 1 **CR10 1236** |
| Plaintiff, ) | I N D I C T M E N T |
| v. ) | [21 U.S.C. § 846: Conspiracy to Distribute Cocaine; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii): Possession With Intent to Distribute Cocaine; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 1956(h): Conspiracy to Launder Money; 18 U.S.C. §§ 1956(a)(1)(A)(i): Money Laundering; 21 U.S.C. § 853, 18 U.S.C. §§ 924(d), 982(a)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture; 18 U.S.C. § 2(a): Aiding and Abetting] |
| RICKY JAMES BRASCOM, ) | |
| aka "DP," ) | |
| CHARLES DWIGHT RANSOM, JR., ) | |
| aka "CJ," ) | |
| aka "C," ) | |
| DARRIN EBRON, ) | |
| HERIBERTO LOPEZ, ) | |
| aka "The Boss," ) | |
| aka "BD," ) | |
| aka "Big Dog," ) | |
| aka "O.G.," ) | |
| LEONARDO CONCEPCION, ) | |
| aka "Leo," ) | |
| JEROME MONDALE BRASCOM, ) | |
| aka "Bro-Bro," ) | |
| MARLON PARRIS, ) | |
| aka "P," ) | |
| STEVEN VELAZQUEZ, ) | |
| ALBERTO CRUZADO, ) | |
| FNU LNU, ) | |
| aka "O.G.," ) | |
| FNU LNU, ) | |
| aka "S.O.," ) | |
| aka "S," ) | |
| // ) | |
| // ) | |
| // ) | |
| // ) | |

```
 1  FNU LNU,                              )
        aka "M,"                         )
 2  FNU LNU,                              )
        aka "Cuzzo," and                 )
 3  FNU LNU,                              )
        aka "SM,"                        )
 4                                        )
            Defendants.                   )
 5  _____)
```

 6  The Grand Jury charges:

 7                          COUNT ONE

 8                      [21 U.S.C. § 846]

 9  A.   OBJECT OF THE CONSPIRACY

10       Beginning on an unknown date and continuing until on or

11  about November 2, 2010, in Los Angeles and San Bernardino

12  Counties, within the Central District of California, and

13  elsewhere, defendants RICKY JAMES BRASCOM, also known as ("aka")

14  "DP" ("BRASCOM"), CHARLES DWIGHT RANSOM, JR., aka "CJ," aka "C"

15  ("RANSOM"), DARRIN EBRON ("EBRON"), HERIBERTO LOPEZ, aka "The

16  Boss," aka "BD," aka "Big Dog," aka "O.G." ("LOPEZ"), LEONARDO

17  CONCEPCION, aka "Leo" ("CONCEPCION"), JEROME MONDALE BRASCOM, aka

18  "Bro-Bro" ("J. BRASCOM"), MARLON PARRIS, aka "P" ("PARRIS"),

19  STEVEN VELAZQUEZ ("VELAZQUEZ"), ALBERTO CRUZADO ("CRUZADO"),

20  first name unknown ("FNU") last name unknown ("LNU"), aka "O.G."

21  ("O.G."), FNU LNU, aka "S.O.," aka "S" ("S.O."), FNU LNU, aka "M"

22  ("M"), FNU LNU, aka "Cuzzo" ("CUZZO"), and FNU LNU, aka "SM"

23  ("SM"), and others known and unknown to the Grand Jury, conspired

24  and agreed with each other to knowingly and intentionally

25  distribute at least five kilograms of a mixture and substance

26  containing a detectable amount of cocaine, a Schedule II narcotic

27  drug controlled substance, in violation of Title 21, United

28  States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

B.  **MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED**

The object of the conspiracy was to be accomplished in substance as follows:

1.  Defendants BRASCOM and RANSOM would transport large shipments of cocaine from the Los Angeles area to Baltimore, Maryland, using chartered jet flights, for delivery to distributors in the Baltimore area.

2.  Using chartered jet and commercial flights, defendants BRASCOM and RANSOM would then transport the cash proceeds generated from the sales of cocaine from Baltimore to the Los Angeles area.

3.  Defendant LOPEZ would supply cocaine to defendant BRASCOM and loan defendant BRASCOM money to pay a drug debt with a different cocaine supplier.

4.  Defendant BRASCOM would use part of the collected drug cash proceeds to pay defendant LOPEZ for past deliveries of cocaine.

5.  Defendants J. BRASCOM and PARRIS would travel on the chartered jet flights with the cocaine, and deliver the cocaine to distributors in Baltimore, and then return with the cash proceeds generated from the sales of cocaine.

6.  Defendant CONCEPCION would pilot the chartered jet flights that were used to transport cocaine and drug cash proceeds, and would advise defendant BRASCOM about when and how to fly the illegal shipments to avoid detection by law enforcement.

7.  Defendants VELAZQUEZ and CRUZADO would store and deliver

1  cocaine for LOPEZ.

2      8.  Defendants EBRON, O.G., S.O., M, CUZZO, and S.M. would

3  sell the cocaine in Baltimore and return the collected drug cash

4  proceeds to defendant BRASCOM.

5  C.  <u>OVERT ACTS</u>

6      In furtherance of the conspiracy and to accomplish the

7  object of the conspiracy, on or about the following dates,

8  defendants BRASCOM, RANSOM, EBRON, LOPEZ, CONCEPCION, J. BRASCOM,

9  PARRIS, VELAZQUEZ, CRUZADO, O.G., S.O., M, CUZZO, and SM, and

10  others known and unknown to the Grand Jury, committed various

11  overt acts within the Central District of California, and

12  elsewhere, including but not limited to the following:

13          **Delivery of $1,245,000 in Drug Cash Proceeds**

14      1.  On September 20, 2010, at 6:19 p.m., using coded

15  language over the telephone, defendant J. BRASCOM told defendant

16  BRASCOM that he had collected drug cash proceeds and would meet

17  with defendant BRASCOM the next day before 3:00 p.m.

18      2.  On September 21, 2010, at 10:24 a.m., using coded

19  language over the telephone, defendant BRASCOM directed defendant

20  J. BRASCOM to pack the drug cash proceeds in suitcases and place

21  locks on them.

22      3.  On September 21, 2010, at 12:21 p.m., using coded

23  language over the telephone, defendant BRASCOM told defendant J.

24  BRASCOM that a courier for a drug distributor would arrive

25  shortly to drop off money to defendant J. BRASCOM.

26      4.  On September 21, 2010, at 1:00 p.m., using coded

27  language over the telephone, defendant BRASCOM asked defendant J.

28  BRASCOM how much money he had received from the courier for a

4

1   drug distributor in Baltimore because defendant BRASCOM had to

2   report the amount to defendant LOPEZ.

3       5.  On September 21, 2010, at 1:08 p.m., using coded

4   language over the telephone, defendant J. BRASCOM told defendant

5   BRASCOM that he still had to count the money delivered by the

6   courier.

7       6.  On September 21, 2010, in a series of text messages

8   beginning at 1:12 p.m., defendant BRASCOM confirmed that

9   defendant EBRON's courier had dropped off $200,000 on Sunday and

10  $115,000 that day, for a total of $315,000.

11      7.  On September 21, 2010, at 2:08 p.m., using coded

12  language over the telephone, defendant J. BRASCOM confirmed that

13  he was flying out after getting more drug money.

14      8.  On September 21, 2010, at 2:21 p.m., using coded

15  language over the telephone, defendant RANSOM arranged to meet

16  with defendants J. BRASCOM and BRASCOM before leaving Baltimore.

17      9.  On September 21, 2010, at 2:43 p.m., using coded

18  language over the telephone, defendant J. BRASCOM told defendant

19  BRASCOM that he finished packing the drug cash proceeds into the

20  suitcases, which he would deliver to defendant RANSOM.

21      10.  On September 21, 2010, at 6:30 p.m., using coded

22  language over the telephone, defendant J. BRASCOM told defendant

23  BRASCOM that defendant O.G. had given him roughly $270,000 but

24  was still short of the amount owed and that defendant O.G. wanted

25  to return a kilogram of cocaine for an unknown reason.

26      11.  On September 21, 2010, at 6:33 p.m., using coded

27  language over the telephone, defendant J. BRASCOM told defendant

28  BRASCOM that he had collected $660,000 from defendant S.O. (in

1  addition to the $315,000 from defendant EBRON's courier and

2  $270,000 from defendant O.G., totaling $1,245,000).

3      12.  On September 21, 2010, defendants BRASCOM and RANSOM

4  flew with the drug cash proceeds on a chartered flight from

5  Baltimore to Los Angeles.

6      13.  On September 21, 2010, defendant LOPEZ went to

7  defendant BRASCOM's apartment complex on Yucca Street, in

8  Hollywood, California, to pick up the collected drug cash

9  proceeds.

10          <u>Drug Flight With 48 Kilograms of Cocaine</u>

11      14.  On September 27, 2010, at 12:52 p.m., using coded

12  language over the telephone, defendant BRASCOM arranged for

13  defendant RANSOM to meet with one of defendant BRASCOM's cocaine

14  suppliers to receive cocaine for defendant BRASCOM.

15      15.  On September 27, 2010, at 1:59 p.m., using coded

16  language over the telephone, defendant BRASCOM told defendant

17  RANSOM that one of his cocaine suppliers had agreed to provide a

18  small load of cocaine and that he wanted defendant RANSOM to meet

19  with them.

20      16.  On September 27, 2010, at 3:17 p.m., using coded

21  language over the telephone, defendant BRASCOM told defendant

22  RANSOM that he arranged a chartered jet flight for defendant

23  RANSOM departing at 5:00 a.m. the next morning from Ontario

24  International Airport.

25      17.  On September 27, 2010, at 7:11 p.m., using coded

26  language over the telephone, defendant BRASCOM told defendant

27  RANSOM that his cocaine supplier was going to be at the meeting

28  location with the cocaine in one hour.

1    18.  On September 27, 2010, at 8:46 p.m., defendant RANSOM
2  met with one of defendant BRASCOM's cocaine suppliers in the
3  underground parking garage at defendant BRASCOM's apartment
4  complex on Yucca Street, in Hollywood, California.

5    19.  On September 27, 2010, at 9:26 p.m., using coded
6  language over the telephone, defendant RANSOM confirmed that he
7  had received 18 kilograms of cocaine from one of defendant
8  BRASCOM's cocaine suppliers.

9    20.  On September 28, 2010, at 5:15 a.m., at the Ontario
10  International Airport, defendant RANSOM and a female boarded a
11  chartered jet to Baltimore, Maryland.

12    21.  On September 28, 2010, at 8:30 a.m., during a refueling
13  stop at the Salina Municipal Airport in Salina, Kansas, defendant
14  RANSOM possessed 48 kilograms of cocaine concealed in two hard-
15  sided suitcases in the cabin of the aircraft.

16    22.  On September 28, 2010, at 12:40 p.m., using coded
17  language over the telephone, defendant RANSOM told defendant
18  BRASCOM that during a random inspection in Kansas, the police had
19  taken the suitcases after he had said they did not belong to him.

20    23.  On September 28, 2010, at 12:43 p.m., using coded
21  language over the telephone, defendants BRASCOM and RANSOM
22  discussed why defendant RANSOM was not arrested in Kansas
23  following the seizure of the cocaine defendant RANSOM possessed
24  and the money they owed for the loss of the seized cocaine.

25              **Delivery of 40 Kilograms of Cocaine**

26    24.  On September 28, 2010, at 5:11 p.m., using coded
27  language over the telephone, defendant EBRON told defendant
28  BRASCOM that he thought he received 30 kilograms of cocaine from

7

1  defendant BRASCOM, while defendant BRASCOM insisted that
2  defendant EBRON received 40 kilograms of cocaine during the
3  transaction in question.

4      25.  On September 28, 2010, at 5:18 p.m., using coded
5  language over the telephone, defendant EBRON told defendant
6  BRASCOM that he received 40 kilograms of cocaine from defendant
7  BRASCOM, that he now owed defendant BRASCOM $900,000, and that he
8  would pay most of the debt the next time he saw defendant
9  BRASCOM.

10              **Delivery of 118 Kilograms of Cocaine**

11      26.  On September 30, 2010, defendant J. BRASCOM flew from
12  Colorado Springs, Colorado, to Baltimore.

13      27.  On October 1, 2010, at 12:07 p.m., using coded language
14  over the telephone, defendant BRASCOM instructed defendant J.
15  BRASCOM to deliver the cocaine and store the drug proceeds in a
16  storage location, and defendant BRASCOM told defendant J. BRASCOM
17  to pay defendant PARRIS $2,000 for escorting a drug load to
18  Baltimore and another $2,000 when defendant PARRIS flew back to
19  Los Angeles with the drug proceeds.

20      28.  On October 1, 2010, at 12:16 p.m., using coded language
21  over the telephone, defendant BRASCOM told defendant PARRIS that
22  defendant LOPEZ would give him a cell phone to use to contact
23  defendants BRASCOM and LOPEZ, and that after defendant PARRIS met
24  with defendant LOPEZ, defendant BRASCOM would provide defendant
25  PARRIS with details about the flight defendant PARRIS would be
26  taking to deliver cocaine from Los Angeles to Baltimore.

27      29.  On October 1, 2010, at 12:31 p.m., using coded language
28  over the telephone, defendant BRASCOM instructed defendant J.

1  BRASCOM to purchase a container to store the collected drug cash
2  proceeds until the cash was flown to Los Angeles.
3        30.   On October 1, 2010, at 2:24 p.m., using coded language
4  over the telephone, defendant BRASCOM told defendant PARRIS that
5  defendant LOPEZ was coming over to see him.
6        31.   On October 1, 2010, in a series of text messages
7  starting at 3:02 p.m., defendant BRASCOM instructed his limousine
8  driver to pick up luggage containing the cocaine from defendant
9  BRASCOM's residence at 7:00 p.m. and deliver it to the Van Nuys
10 Airport, then drive defendant PARRIS to the Atlantic Terminal at
11 the Los Angeles International Airport ("LAX").
12       32.   On October 1, 2010, in a series of text messages
13 starting at 3:13 p.m., defendant BRASCOM asked defendant PARRIS
14 for his full name to arrange his travel by chartered flight to
15 Baltimore.
16       33.   On October 1, 2010, at 3:47 p.m., using coded language
17 over the telephone, defendant BRASCOM asked defendant PARRIS
18 about defendant LOPEZ, who gave defendant PARRIS a cell phone.
19       34.   On October 1, 2010, at 5:43 p.m., using coded language
20 over the telephone, defendant BRASCOM told his limousine driver
21 to pick up the luggage (which contained cocaine) from his house
22 and give it to defendant CONCEPCION at the Van Nuys Airport, then
23 take defendant PARRIS and a female to the Atlantic Terminal at
24 LAX because defendant CONCEPCION would fly from the Van Nuys
25 Airport to LAX to meet them.
26       35.   On October 1, 2010, at 8:39 p.m., using coded language
27 over the telephone, defendant BRASCOM instructed defendant J.
28 BRASCOM to arrange limousine service for defendant PARRIS when he

9

1  arrived with the cocaine shipment at the airport in Baltimore,

2  and defendant BRASCOM told defendant J. BRASCOM that he and

3  defendant PARRIS should wait for defendant BRASCOM's instructions

4  concerning the delivery of the cocaine.

5      36.  On October 1, 2010, in a series of text messages

6  starting at 8:48 p.m., defendant BRASCOM learned from the

7  limousine driver that he had dropped off the luggage containing

8  cocaine at the chartered jet at the Van Nuys Airport and was

9  taking defendant PARRIS and a female to LAX.

10      37.  On October 1, 2010, at 10:43 p.m., defendant PARRIS and

11  a female flew from LAX to Baltimore on a chartered jet flight

12  piloted by defendant CONCEPCION.

13      38.  On October 2, 2010, at 3:59 a.m., using coded language

14  over the telephone, defendant BRASCOM instructed defendant J.

15  BRASCOM to deliver 20 kilograms of cocaine to defendant M, 18

16  kilograms of cocaine to defendant CUZZO, and 80 kilograms of

17  cocaine to SM.

18  **$240,060 in Drug Cash Proceeds Transported by Commercial Flight**

19      39.  On October 7, 2010, at 12:04 p.m., using coded language

20  over the telephone, defendant J. BRASCOM told defendant BRASCOM

21  that he was sending money to defendant BRASCOM on a commercial

22  flight to help defendant BRASCOM pay his supplier for 18 of the

23  48 kilograms that were seized from defendant RANSOM in Salina,

24  Kansas, on September 28, 2010.

25      40.  On October 7, 2010, in a series of text messages

26  starting at 12:21 p.m., defendant BRASCOM arranged for his

27  limousine driver to pick up defendant PARRIS from the Burbank

28  Airport when he arrived with the cash that defendant J. BRASCOM

1 was sending to defendant BRASCOM.

2       41.   On October 7, 2010, at 1:26 p.m., using coded language
3 over the telephone, defendant J. BRASCOM told defendant BRASCOM
4 that he had dropped defendant PARRIS off at the airport with the
5 cash in a suitcase.

6       42.   On October 7, 2010, at 1:32 p.m., using coded language
7 over the telephone, defendant J. BRASCOM told defendant BRASCOM
8 that defendant PARRIS had been released after he was questioned
9 about the cash in his suitcase when he went through a security
10 screening area at the Denver International Airport.

11      43.   On October 7, 2010, at 3:58 p.m., using coded language
12 over the telephone, defendant BRASCOM told defendant J. BRASCOM
13 to count the cash that he was sending to defendant BRASCOM
14 because he did not have time to do it before he delivered it to
15 defendant LOPEZ.

16      44.   On October 7, 2010, at 3:50 p.m., using coded language
17 over the telephone, defendant PARRIS told defendant BRASCOM that
18 he had arrived in Phoenix, Arizona.

19      45.   On October 7, 2010, defendant PARRIS possessed $240,060
20 in drug cash proceeds in his carry-on suitcase when he arrived at
21 the Phoenix International Airport.

22      46.   On October 7, 2010, at 4:46 p.m., defendant BRASCOM
23 told a Phoenix police detective that defendant PARRIS was
24 bringing the money contained in defendant PARRIS' suitcase out to
25 him to purchase an Aston Martin sports car.

26      47.   On October 7, 2010, at 4:49 p.m., using coded language
27 over the telephone, defendant BRASCOM told defendant J. BRASCOM
28 that the police had stopped defendant PARRIS, but he felt that

1  his explanation to them had been accepted and that the police
2  were not going to seize the money.

3       48.  On October 7, 2010, at 5:12 p.m., using coded language
4  over the telephone, defendant J. BRASCOM advised defendant
5  BRASCOM that if the police did let defendant PARRIS go, that
6  defendant BRASCOM should not be seen with him and should get
7  defendant PARRIS a hotel room.

8       49.  On October 7, 2010, at 6:25 p.m., using coded language
9  over the telephone, defendant J. BRASCOM informed defendant
10 BRASCOM that the police had released defendant PARRIS but had
11 seized the money.

12      50.  On October 7, 2010, at 6:27 p.m., using coded language
13 over the telephone, defendant PARRIS told defendant BRASCOM that
14 the police had seized the cash in his suitcase and that defendant
15 BRASCOM should get rid of his cell phone, as defendant PARRIS had
16 cleared the cell phone that defendant LOPEZ had given him before
17 the police could examine it.

18      51.  On October 7, 2010, at 6:36 p.m., using coded language
19 over the telephone, defendant BRASCOM told defendant PARRIS that
20 he would get him a hotel room when he arrived in Burbank and that
21 defendant BRASCOM planned to get rid of his cell phone.

22      52.  On October 7, 2010, at 6:49 p.m., using coded language
23 over the telephone, defendant BRASCOM informed defendant J.
24 BRASCOM that since he needed cash from defendant LOPEZ to pay his
25 other supplier for the seized cocaine, defendant BRASCOM had to
26 tell defendant LOPEZ about using a different supplier and the
27 seizure of the cocaine and cash.

28      53.  On October 11, 2010, at 10:48 p.m., using coded

12

1 language over the telephone, defendant RANSOM told defendant
2 BRASCOM that his supplier was demanding payment for the seized
3 cocaine, and defendant BRASCOM informed defendant RANSOM that he
4 had borrowed $320,000 from defendant LOPEZ to pay his supplier
5 for the seized cocaine.

<strong><u>Defendant EBRON's Meeting with Defendants</u></strong>
<strong><u>BRASCOM and LOPEZ to Discuss Drug Debt</u></strong>

8    54.  On October 13, 2010, at 7:56 p.m., using coded language
9 over the telephone, defendant EBRON told defendant BRASCOM that
10 he was in Los Angeles and was ready to meet the following
11 morning.

12    55.  On October 14, 2010, at 11:26 a.m., using coded
13 language over the telephone, defendant EBRON asked defendant
14 BRASCOM to arrange a meeting with defendant LOPEZ because
15 defendant EBRON felt he owed $50,000 less than what defendant
16 LOPEZ felt that defendant EBRON owed, and defendant EBRON told
17 defendant BRASCOM that he was ready for another shipment of
18 cocaine.

19    56.  On October 14, 2010, at 1:45 p.m., using coded language
20 over the telephone, defendant BRASCOM told defendant EBRON that
21 he was meeting with defendant LOPEZ.

22    57.  On October 14, 2010, at 1:47 p.m., using coded language
23 over the telephone, defendant BRASCOM told defendant EBRON to
24 meet him at the Jerry's Deli restaurant at the corner of Ventura
25 Boulevard and Topanga Boulevard.

26    58.  On October 14, 2010, at 3:55 p.m., defendant EBRON met
27 with defendants LOPEZ and BRASCOM at the Jerry's Deli restaurant
28 in Los Angeles, California.

1       <u>Attempted Delivery of 118.8 Kilograms of Cocaine</u>

2      59.  On October 24, 2010, at 1:53 p.m., using coded language

3 over the telephone, defendant BRASCOM told defendant CONCEPCION

4 that defendant LOPEZ wanted them to take a cocaine shipment that

5 was ready to go on Wednesday and then do another trip on the

6 weekend.

7      60.  On October 24, 2010, at 8:57 p.m., using coded language

8 over the telephone, defendant CONCEPCION called defendant BRASCOM

9 to discuss the upcoming drug flight, but was interrupted by a

10 call from defendant LOPEZ to defendant BRASCOM.

11      61.  On October 24, 2010, at 9:01 p.m., using coded language

12 over the telephone, defendants CONCEPCION and BRASCOM discussed

13 how they would fly two loads of cocaine to Baltimore and bring

14 back the collected drug money, and how it would be unwise to fly

15 in the morning, which defendant BRASCOM felt led to the seizure

16 of the cocaine from defendant RANSOM in Salina, Kansas, on

17 September 28, 2010.

18      62.  On October 30, 2010, at 11:12 a.m., using coded

19 language over the telephone, defendant BRASCOM told defendant

20 EBRON that he was sending a shipment of cocaine to Baltimore and

21 asked defendant EBRON to have the money for the cocaine ready,

22 and defendant EBRON told defendant BRASCOM that his drug runner

23 would be ready at 7:00 a.m.

24      63.  On October 30, 2010, at 12:58 p.m., using coded

25 language over the telephone, defendants CONCEPCION and BRASCOM

26 discussed whether to break up the cocaine shipment because the

27 aircraft that was available could fit only two suitcases with

28 cocaine into the aircraft compartment.

1    64.   On October 30, 2010, at 1:06 p.m., using coded language
2 over the telephone, defendants CONCEPCION and BRASCOM agreed that
3 defendant BRASCOM would try to fit three suitcases worth of
4 cocaine into two suitcases, and defendant CONCEPCION stated that
5 he would avoid the refueling point in Salina, Kansas, where
6 defendant RANSOM had gotten into trouble.

7    65.   On October 30, 2010, defendants VELAZQUEZ and CRUZADO
8 stayed at a Motel 6 in Sylmar, California, and were driving a
9 white Toyota Avalon (the "Toyota Avalon").

10    66.   On October 30, 2010, defendants VELAZQUEZ and CRUZADO
11 drove to Storage Direct in Chatsworth, California, went inside
12 storage unit 35B, and then left the storage facility.

13    67.   On October 30, 2010, at 5:10 p.m., defendant LOPEZ, in
14 a black Ford F350 truck (the "Ford truck"), drove in tandem with
15 the Toyota Avalon, then stopped at the side of the road and spoke
16 to defendants VELAZQUEZ and CRUZADO.

17    68.   On October 30, 2010, at 5:47 p.m., defendants VELAZQUEZ
18 and CRUZADO returned to storage unit 35B at Storage Direct and
19 removed three heavy suitcases, which were loaded into the trunk
20 and back seat of the Toyota Avalon.

21    69.   On October 30, 2010, at 6:31 p.m., defendant CRUZADO,
22 the passenger in the Toyota Avalon, locked the door and placed a
23 cell phone call when a police officer approached the passenger
24 door during a traffic stop.

25    70.   On October 30, 2010, defendant LOPEZ, now driving a GMC
26 Denali, drove by the traffic stop of the Toyota Avalon.

27    71.   On October 30, 2010, defendants CRUZADO and VELAZQUEZ
28 possessed 118.8 kilograms of cocaine in the three suitcases that

1  they had loaded into the Toyota Avalon, as well as $9,900 in

2  cash.

3      72.   On October 30, 2010, in storage unit 35B at Storage

4  Direct, defendants CRUZADO and VELAZQUEZ possessed 30 kilograms

5  of cocaine in a suitcase next to a box containing the following

6  firearms (and ammunition in the box and nearby safe): a Smith &

7  Wesson .40 caliber pistol, serial no. PBT3283; an Intratec Tec 9,

8  9mm pistol, serial no. D054444; a Beretta 9mm pistol, serial no.

9  BER319577; a Smith & Wesson .45 caliber pistol, serial no.

10 BAM0039; a N.A. Arms .32 caliber pistol, serial no. AD02797; a

11 Beretta .25 caliber pistol, serial no. DAA330919; a N.A. Arms .22

12 caliber pistol, serial no. E079318; a Mossberg pistol grip

13 shotgun (with butt removed), serial no. P925595; a Stoeger

14 double-barrel shotgun, serial no. 515361-03; and a Par-1 7.62

15 rifle, serial no. P1-01255-2002.

16     73.   On October 30, 2010, at 7:37 p.m., using coded language

17 over the telephone, defendant BRASCOM told defendant RANSOM that

18 defendant LOPEZ's couriers (defendants VELAZQUEZ and CRUZADO) had

19 been arrested.

20     74.   On October 30, 2010, at 10:17 p.m., using coded

21 language over the telephone, defendant BRASCOM told an

22 unidentified female that the cocaine had been seized from

23 defendant LOPEZ's drug couriers.

24     75.   On October 31, 2010, at 10:19 a.m., using coded

25 language over the telephone, defendant EBRON told defendant

26 BRASCOM that his courier had been waiting since 7:00 a.m. for the

27 cocaine shipment and had the money to purchase the cocaine with

28 him.

## Shipment of 34 Kilograms of Cocaine and
## Return Flight with Cash for Cocaine

76.  On October 30, 2010, at 9:32 p.m., using coded language over the telephone, defendant BRASCOM told defendant RANSOM that he had set up a flight with defendant CONCEPCION for the next day and that a different cocaine supplier would be ready at 2:00 p.m. to deliver the cocaine that would be shipped on this flight.

77.  On October 31, 2010, at 11:06 a.m., using coded language over the telephone, defendant BRASCOM told defendant CONCEPCION that he was trying to set up a cocaine shipment that evening but that he did not have anyone to escort the shipment on the flight.

78.  On October 31, 2010, at 4:42 p.m., using coded language over the telephone, defendant BRASCOM instructed his limousine driver to pick up luggage containing cocaine from defendant RANSOM and deliver it to defendant J. BRASCOM, who would arrive on the aircraft flown by defendant CONCEPCION, and defendant J. BRASCOM would in turn give the limousine driver luggage with drug cash proceeds to deliver to defendant BRASCOM.

79.  On October 31, 2010, at 6:00 p.m., using coded language over the telephone, defendant BRASCOM told defendant RANSOM that the drug courier had arrived to deliver cocaine to defendant RANSOM.

80.  On October 31, 2010, at 6:15 p.m., using two cell phones, defendant BRASCOM arranged for defendant RANSOM to meet the drug courier who had arrived with the cocaine.

81.  On October 31, 2010, at 8:27 p.m., using coded language over the telephone, defendant RANSOM told defendant BRASCOM that

17

1  he had received 34 kilograms of cocaine from the courier.

2       82.  On October 31, 2010, in a series of text messages

3  starting at 9:45 p.m., defendant BRASCOM learned from the

4  limousine driver that he had picked up the luggage from defendant

5  RANSOM and would take it to the airport to meet defendants

6  CONCEPCIÓN and J. BRASCOM.

7       83.  On October 31, 2010, in a series of text messages

8  starting at 11:04 p.m., defendant BRASCOM learned from the

9  limousine driver that the plane piloted by defendant CONCEPCION

10 had landed and that he was now on his way back to deliver the

11 suitcase that defendant J. BRASCOM had given to him.

12      84.  On November 1, 2010, at 11:38 p.m., using coded

13 language over the telephone, defendant BRASCOM told defendant

14 RANSOM that he arranged to be paid for the entire load of cocaine

15 that was sent out the night before and that the money could be

16 brought back on a flight that night.

17      85.  On November 1, 2010, at 11:49 a.m., using coded

18 language over the telephone, defendants BRASCOM and CONCEPCION

19 discussed future cocaine shipments and the need for defendant

20 BRASCOM to use another supplier because defendant LOPEZ was

21 scared as a result of the recent cocaine seizure.

22      86.  On November 1, 2010, at 11:49 a.m., using coded

23 language over the telephone, defendant CONCEPCION told defendant

24 BRASCOM that he did not want to fly the drug proceeds from the

25 previous night's cocaine shipment until later that evening to

26 avoid law enforcement.

27      87.  On November 1, 2010, at 4:41 p.m., using coded language

28 over the telephone, defendant CONCEPCION told defendant BRASCOM

18

1 | that he was going to fly defendant J. BRASCOM back from Baltimore
2 | with the drug proceeds, and defendant CONCEPCION asked to be paid
3 | by defendant J. BRASCOM with the drug proceeds on the plane.

4 |     88.  On November 2, 2010, defendants CONCEPCION and J.
5 | BRASCOM landed at the Ontario International Airport at 1:00 a.m.

6 |     89.  On November 2, 2010, defendant J. BRASCOM possessed
7 | $763,815 in drug cash proceeds in a suitcase and $24,366.50 in
8 | drug cash proceeds in a backpack.

9 |     90.  On November 2, 2010, defendant CONCEPCION possessed
10 | $40,000 in drug cash proceeds in the microwave oven in the
11 | aircraft he had flown, and $26,060 in drug cash proceeds in a
12 | Mazda mini-van.

13 |     91.  On November 2, 2010, defendant RANSOM possessed a Glock
14 | 32, .357 caliber pistol, with the serial number removed, and
15 | loaded with 10 rounds of ammunition, in his bedroom night stand
16 | at his residence on Yucca Street, in Los Angeles, California.

1

COUNT TWO

2    [21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii); 18 U.S.C. § 2(a)]

3        On or about October 30, 2010, in Los Angeles County, within

4    the Central District of California, defendants STEVEN VELAZQUEZ

5    and ALBERTO CRUZADO knowingly and intentionally possessed with

6    intent to distribute at least five kilograms, that is,

7    approximately 118.8 kilograms, of a mixture and substance

8    containing a detectable amount of cocaine, a Schedule II narcotic

9    drug controlled substance.

10       At the above time and place, defendants RICKY JAMES BRASCOM,

11   also known as ("aka") "DP," and HERIBERTO LOPEZ, aka "The Boss,"

12   aka "BD," aka "Big Dog," aka "O.G.," knowingly and intentionally

13   aided, abetted, counseled, commanded, induced, and procured the

14   commission of the offense alleged above.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

                     COUNT THREE

2

    [21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii); 18 U.S.C. § 2(a)]

3

     On or about October 30, 2010, in Los Angeles County, within

4

the Central District of California, defendants STEVEN VELAZQUEZ

5

and ALBERTO CRUZADO knowingly and intentionally possessed with

6

intent to distribute at least five kilograms, that is,

7

approximately 30 kilograms, of a mixture and substance containing

8

a detectable amount of cocaine, a Schedule II narcotic drug

9

controlled substance.

10

    At the above time and place, defendant HERIBERTO LOPEZ, also

11

known as ("aka") "The Boss," aka "BD," aka "Big Dog," aka "O.G.,"

12

knowingly and intentionally aided, abetted, counseled, commanded,

13

induced, and procured the commission of the offense alleged

14

above.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                   COUNT FOUR

2                          [18 U.S.C. § 924(c)(1)(A)(i)]

3          On or about October 30, 2010, in Los Angeles County, within

4     the Central District of California, defendants HERIBERTO LOPEZ,

5     also known as ("aka") "The Boss," aka "BD," aka "Big Dog," aka

6     "O.G.," STEVEN VELAZQUEZ, and ALBERTO CRUZADO knowingly used and

7     carried firearms, namely, a Smith & Wesson .40 caliber pistol,

8     serial no. PBT3283; an Intratec Tec 9, 9mm pistol, serial no.

9     D054444; a Beretta 9mm pistol, serial no. BER319577; a Smith &

10    Wesson .45 caliber pistol, serial no. BAM0039; a N.A. Arms .32

11    caliber pistol, serial no. AD02797; a Beretta .25 caliber pistol,

12    serial no. DAA330919; a N.A. Arms .22 caliber pistol, serial no.

13    E079318; a Mossberg pistol grip shotgun (with butt removed),

14    serial no. P925595; a Stoeger double-barrel shotgun, serial no.

15    515361-03; and a Par-1 7.62 rifle, serial no. P1-01255-2002,

16    during and in relation to, and possessed those firearms in

17    furtherance of, a drug trafficking crime, namely, conspiracy to

18    distribute cocaine, in violation of Title 21, United States Code,

19    Section 846, as charged in Count One of this Indictment, and

20    possession with intent to distribute cocaine, in violation of

21    Title 21, United States Code, Section 841(a)(1), as charged in

22    Counts Two and Three of this Indictment.

23

24

25

26

27

28

                                      22

1                             COUNT FIVE

2                      [18 U.S.C. § 924(c)(1)(A)(i)]

3      On or about November 2, 2010, in Los Angeles County, within

4 the Central District of California, defendant CHARLES DWIGHT

5 RANSOM, JR., also known as ("aka") "CJ," aka "C," knowingly used

6 and carried a firearm, namely, a Glock 32, .357 caliber pistol,

7 with the serial number removed, during and in relation to, and

8 possessed that firearm in furtherance of, a drug trafficking

9 crime, namely, conspiracy to distribute cocaine, in violation of

10 Title 21, United States Code, Section 846, as charged in Count

11 One of this Indictment.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT SIX

[18 U.S.C. § 922(g)(1)]

On or about November 2, 2010, in Los Angeles County, within the Central District of California, defendant CHARLES DWIGHT RANSOM, JR., also known as ("aka") "CJ," aka "C" ("RANSOM") knowingly possessed a firearm, namely, a Glock 32, .357 caliber pistol, with the serial number removed, and ammunition, namely, 10 rounds of .357 caliber ammunition, in and affecting interstate and foreign commerce.

Such possession occurred after defendant RANSOM had been convicted of a felony punishable by a term of imprisonment exceeding one year, namely, Conspiracy to Distribute Cocaine, in violation of Title 21, United States Code, Section 846, in the United States District Court for the Central District of California, case number CR 03-701-RMT, on or about June 7, 2004.

24

COUNT SEVEN

[18 U.S.C. § 1956(h)]

A.   OBJECTS OF THE CONSPIRACY

Beginning on an unknown date and continuing until on or about November 2, 2010, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendants RICKY JAMES BRASCOM, also known as ("aka") "DP" ("BRASCOM"), CHARLES DWIGHT RANSOM, JR., aka "CJ," aka "C" ("RANSOM"), DARRIN EBRON ("EBRON"), HERIBERTO LOPEZ, aka "The Boss," aka "BD," aka "Big Dog," aka "O.G." ("LOPEZ"), LEONARDO CONCEPCION, aka "Leo" ("CONCEPCION"), JEROME MONDALE BRASCOM, aka "Bro-Bro" ("J. BRASCOM"), MARLON PARRIS, aka "P" ("PARRIS"), STEVEN VELAZQUEZ ("VELAZQUEZ"), ALBERTO CRUZADO ("CRUZADO"), first name unknown ("FNU") last name unknown ("LNU"), aka "O.G." ("O.G."), FNU LNU, aka "S.O.," aka "S" ("S.O."), FNU LNU, aka "M" ("M"), FNU LNU, aka "Cuzzo" ("CUZZO"), and FNU LNU, aka "SM" ("SM"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally commit offenses against the United States, namely:

Knowing that property involved in financial transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, conspiracy to distribute cocaine, in violation of Title 21, United States Code, Section 846, conducted and attempted to conduct financial transactions (1) with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and (2) knowing that the transactions were

25

1   designed in whole and in part to conceal and disguise the nature,

2   the location, the source, the ownership, and the control of the

3   proceeds of said specified unlawful activity, in violation of

4   Title 18, United States Code, Section 1956(a)(1)(B)(i).

5   B.    MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE

6         ACCOMPLISHED

7         The objects of the conspiracy were to be accomplished in

8   substance as follows:

9         1-8.  The Grand Jury re-alleges and incorporates by

10  reference as if fully set forth herein paragraphs 1 through 8,

11  Section B, of Count One, setting forth the means of the

12  conspiracy charged in Count One.

13  C.    OVERT ACTS

14        In furtherance of the conspiracy and to accomplish the

15  objects of the conspiracy, on or about the following dates,

16  defendants BRASCOM, RANSOM, EBRON, LOPEZ, CONCEPCION, J. BRASCOM,

17  PARRIS, VELAZQUEZ, CRUZADO, O.G., S.O., M, CUZZO, and S.M., and

18  others known and unknown to the Grand Jury, committed various

19  overt acts within the Central District of California, and

20  elsewhere, including but not limited to the following:

21        1-91.  The Grand Jury re-alleges and incorporates by

22  reference as if fully set forth herein paragraphs 1 through 91,

23  Section C, of Count One, setting forth the overt acts of the

24  conspiracy charged in Count One.

25

26

27

28

1    CRIMINAL FORFEITURE

2    [21 U.S.C. § 853]

3    1.    Pursuant to Title 21, United States Code, Section

4    853(a), defendants RICKY JAMES BRASCOM, also known as ("aka")

5    "DP," CHARLES DWIGHT RANSOM, JR., aka "CJ," aka "C," DARRIN

6    EBRON, HERIBERTO LOPEZ, aka "The Boss," aka "BD," aka "Big Dog,"

7    aka "O.G.," LEONARDO CONCEPCION, aka "Leo," JEROME MONDALE

8    BRASCOM, aka "Bro-Bro," MARLON PARRIS, aka "P," STEVEN VELAZQUEZ,

9    ALBERTO CRUZADO, first name unknown ("FNU") last name unknown

10   ("LNU"), aka "O.G.," FNU LNU, aka "S.O.," aka "S," FNU LNU, aka

11   "M," FNU LNU, aka "Cuzzo," and FNU LNU, aka "SM," shall forfeit

12   to the United States the following property:

13        a.    All right, title, and interest in --

14             (i)   any and all property constituting, or derived

15                   from, any proceeds obtained, directly or

16                   indirectly, as a result of the offenses

17                   described in Counts One through Three;

18             (ii)  any property, real or personal, used, or

19                   intended to be used, in any manner or part,

20                   to commit, or to facilitate the commission

21                   of, such offenses; and

22             (iii) any property, real or personal, involved in

23                   such offenses, or traceable to such property.

24        b.    A sum of money equal to the total value of the

25             property described in paragraphs 1(a)(i), (ii),

26             and (iii).  If more than one defendant is

27             convicted of an offense, the defendants so

28             convicted are jointly and severally liable for the

27

1    amount involved in such offense.

2        2.    Pursuant to Title 21, United States Code, Section

3    853(p), each defendant shall forfeit substitute property, up to

4    the value of the total amount described in paragraph 1(a), if, as

5    the result of any act or omission of said defendant, said

6    property, or any portion thereof, cannot be located upon the

7    exercise of due diligence; has been transferred, sold to, or

8    deposited with a third party; has been placed beyond the

9    jurisdiction of the court; has been substantially diminished in

10   value; or has been commingled with other property that cannot be

11   divided without difficulty.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CRIMINAL FORFEITURE

[18 U.S.C. § 982(a)(1)]

1.   Count Seven of this Indictment alleges acts or activities constituting an offense involving a conspiracy to launder money, committed in violation of 18 U.S.C. § 1956(h). Pursuant to Title 18, United States Code, Section 982, each defendant who is convicted of such an offense shall forfeit to the United States any right, title, and interest in any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to:

      a.   (i)   $763,815 in U.S. currency;

           (ii)  $24,366.50 in U.S. currency;

           (iii) $40,000 in U.S. currency; and

           (iv)  $26,060 in U.S. currency.

      b.   A sum of money equal to the total value of the property described in paragraph 1(a)(i) through (iv), inclusive.

2.   Pursuant to Title 21, United States Code, Section 853(p), each defendant shall forfeit substitute property, up to the value of the total amount described in paragraph 1(a), if, as the result of any act or omission of said defendant, said property, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty.

CRIMINAL FORFEITURE

[18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)]

1.     The allegations contained in Counts One through Seven of this Indictment are hereby repeated, re-alleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with said statutes.

2.     Upon conviction of one or more of the offenses alleged in Counts One through Seven of this Indictment, any such convicted defendant shall forfeit to the United States all firearms and ammunition involved or used in the commission of such offense(s), including but not limited to the following: a Smith & Wesson .40 caliber pistol, serial no. PBT3283; an Intratec Tec 9, 9mm pistol, serial no. D054444; a Beretta 9mm pistol, serial no. BER319577; a Smith & Wesson .45 caliber pistol, serial no. BAM0039; a N.A. Arms .32 caliber pistol, serial no. AD02797; a Beretta .25 caliber pistol, serial no. DAA330919; a N.A. Arms .22 caliber pistol, serial no. E079318; a Mossberg pistol grip shotgun (with butt removed), serial no. P925595; a Stoeger double-barrel shotgun, serial no. 515361-03; a

//

//

//

1  Par-1 7.62 rifle, serial no. P1-01255-2002; and a Glock 32, .357

2  caliber pistol with the serial number removed.

3

4                                          A TRUE BILL

5

6                                          151
                                    _____
7                                       Foreperson

8  ANDRÉ BIROTTE JR.
   United States Attorney
9

10

11 ROBERT E. DUGDALE
   Assistant United States Attorney
   Chief, Criminal Division
12

13 RODRIGO A. CASTRO-SILVA
   Assistant United States Attorney
   Chief, Organized Crime Drug Enforcement
14   Task Force Section

15 ROB B. VILLEZA
   Assistant United States Attorney
16 Deputy Chief, Organized Crime Drug Enforcement
     Task Force Section

17

18

19

20

21

22

23

24

25

26

27

28

                          31

1  STEPHANIE YONEKURA
   Acting United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   KEVIN M. LALLY (Cal. Bar No. 226402)
4  Assistant United States Attorney
   Chief, OCDETF Section
5  ELIZABETH R. YANG (Cal. Bar No. 196461)
   Assistant United States Attorney
6  Chief, Violent & Organized Crime Section
       1200 United States Courthouse
7      312 North Spring Street
       Los Angeles, California 90012
8      Telephone:    (213) 894-2170/1785
       Facsimile:    (213) 894-0142/3713
9      E-mail:   kevin.lally@usdoj.gov
                 elizabeth.yang@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12                 UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,          No. CR 10-1236-R

15           Plaintiff,               ORDER (1) APPOINTING COUNSEL FOR
                                      THE LIMITED PURPOSE
16           v.                       OF STIPULATING TO REDUCE
                                      DEFENDANT'S SENTENCE OF
17 MARLON PARRIS,                     IMPRISONMENT BASED ON SENTENCING
                                      GUIDELINES AMENDMENT 782 AND (2)
18           Defendant.               REDUCING DEFENDANT'S SENTENCE
                                      PURSUANT TO 18 U.S.C. § 3582(c)(2)
19

20

21     The Court has considered the stipulation of the parties to (1)

22 appoint the Office of the Federal Public Defender to represent

23 defendant for the limited purpose of stipulating to reduce

24 defendant's sentence of imprisonment based on Sentencing Guidelines

25 Amendment 782 ("Amendment 782") and (2) to reduce defendant's

26 sentence pursuant to 18 U.S.C. § 3582(c)(2).

27     For good cause shown, the Court appoints the Office of the

28 Federal Public Defender to represent defendant for the limited

1 | purpose of stipulating to reduce defendant's sentence based on
2 | Amendment 782 and for no other purpose.
3 |     Having considered the eligibility criteria for such a sentence
4 | reduction, as well as "the factors set forth in 18 U.S.C. § 3553(a),"
5 | "the nature and seriousness of the danger to any person or the
6 | community that may be posed by a reduction in the defendant's term of
7 | imprisonment," and the "post-sentencing conduct of . . . defendant,"
8 | USSG § 1B1.10, comment. (n.1(B)(i)-(iii)), the Court also finds good
9 | cause to reduce defendant's sentence of imprisonment.
10 |     Accordingly, effective November 1, 2015, defendant's previously
11 | imposed sentence of imprisonment (as reflected in the last judgment
12 | issued) is reduced to 70 months of imprisonment.  If the amount of
13 | time defendant has served as of November 1, 2015, exceeds the reduced
14 | sentence stated in this Order, defendant's sentence is instead
15 | reduced to a sentence of time served as of November 1, 2015.[*]  All
16 | other provisions of the last judgment issued shall remain in effect.
17 |     IT IS SO ORDERED.

April 13, 2015
DATE

THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

---

    [*] "[T]he prerogative to grant credits [and calculate time served] in the first instance rests with the Attorney General, acting through the Bureau of Prisons." United States v. Peters, 470 F.3d 907, 909 (9th Cir. 2006).  But despite this Court's "lack of authority to calculate . . . time served, a district court does have authority to sentence a defendant to time served" -- or in this instance to order a defendant's sentence reduced to time served should the Bureau of Prisons' calculations require such an adjustment.  Id. at 909 n.1.

COMPLEX

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles) CRIMINAL DOCKET FOR CASE #: 2:10-cr-01236-R-7

Case title: USA v. Brascom et al
Magistrate judge case number: 2:10-mj-
02724-DUTY

Date Filed: 11/16/2010
Date Terminated: 11/08/2011

Assigned to:
Judge Manuel L.
Real

## Defendant (7)

| | | |
|---|---|---|
| **Marlon Parris** *TERMINATED: 11/08/2011* also known as **P** *TERMINATED: 11/08/2011* | represented by | **Federal Public Defender** Federal Public Defenders Office 321 East 2nd Street Los Angeles, CA 90012-4206 213-894-2854 Email: zzCAC_FPD_Document_Receiving@fd.org *TERMINATED: 04/13/2015* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* Designation: Public Defender or Community Defender Appointment **David Matthew Philips** Law Office of David M Philips 3853 Brockton Avenue Riverside, CA 92501 951-686-3220 |

Fax: 951-686-1812
Email: davidmphilips@sbcglobal.net
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

## Pending Counts

None

## Disposition

## Highest Offense Level (Opening)

None

## Terminated Counts

## Disposition

The defendant is sentenced on Count 1 of the Indictment to the custody of the Bureau of Prisons for a term of Eighty-seven (87) months. Supervised release for Five (5) years under the terms and conditions of the U.S. Probation Office, General Order 05-02, & 01-05. Pay a special assessment of $100. All fines and costs of imprisonment are waived. REDUCE DEFENDANTS SENTENCE OF IMPRISONMENT reduced to 70 months of imprisonment.

21:846:
CONSPIRACY TO DISTRIBUTE COCAINE (1)

18:1956(h):
CONSPIRACY TO LAUNDER MONEY (7)

IT IS FURTHER ORDERED that all remaining counts are dismissed.

## Highest Offense Level

**(Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| Defendant in violation of 21:846,841(a)(1),841(b)(1)(A) | |

---

**Plaintiff**

**USA**                    represented by **Kevin Lally**
                    AUSA - Office of US Attorney

                    OCDETF Section
                    312 North Spring Street 14th
                    Floor
                    Los Angeles, CA 90012
                    213-894-2170
                    Fax: 213-894-0142
                    Email:
                    USACAC.Criminal@usdoj.gov

                    *ATTORNEY TO BE NOTICED*

                    **Rob B Villeza**
                    AUSA - Office of US Attorney

                    Criminal Div - US Courthouse
                    312 North Spring Street
                    Los Angeles, CA 90012
                    213-894-2434
                    Fax: 213-894-0142
                    Email:
                    USACAC.Criminal@usdoj.gov

| Date Filed | # | Docket Text |
|---|---|---|
| 11/02/2010 | 1 | COMPLAINT filed as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado in violation of 21:846,841(a)(1),841(b)(1)(A). Approved by Magistrate Judge Patrick J. Walsh as to Ricky James Brascom (1), Charles Dwight Ransom, Jr (2), Darrin Ebron (3), Heriberto Lopez (4), Leonard Concepcion (5), Jerome Mondale Brascom (6), Marlon Parris (7), Steven Velazquez (8), Alberto Cruzado (9). (mhe) [2:10-mj-02724-DUTY] (Entered: 11/03/2010) |
| 11/02/2010 | 5 | NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Marlon Parris (mhe) [2:10-mj-02724-DUTY] (Entered: 11/03/2010) |
| 11/16/2010 | 39 | INDICTMENT Filed as to Ricky James Brascom (1) count(s) 1, 7, Charles Dwight Ransom, Jr (2) count(s) 1, 5, 6, 7, Darrin Ebron (3) count(s) 1, 7, Heriberto Lopez (4) count(s) 1, 4, 7, Leonard Concepcion (5) count(s) 1, 7, Jerome Mondale Brascom (6) count(s) 1, 7, Marlon Parris (7) count(s) 1, 7, Steven Velazquez (8) count(s) 1, 2, 3, 4, 7, Alberto Cruzado (9) count(s) 1, 2, 3, 4, 7, FNU LNU (10) count(s) 1, 7, FNU LNU (11) count(s) 1, 7, FNU LNU (12) count(s) 1, 7, FNU LNU (13) count(s) 1, 7, FNU LNU (14) count(s) 1, 7. Offense occurred in LA. (mhe) (Entered: 11/18/2010) |
| 11/16/2010 | 46 | CASE SUMMARY filed by AUSA Rob B Villeza as to Defendant Marlon Parris; defendants Year of Birth: 1980 (mhe) (Entered: 11/18/2010) |
| 11/16/2010 | 57 | NOTICE OF REQUEST FOR DETENTION filed by |

| | | Plaintiff USA as to Defendant Marlon Parris (mhe) (Entered: 11/18/2010) |
|---|---|---|
| 11/16/2010 | 63 | NOTICE TO COURT OF COMPLEX CASE filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU. (ja) (Entered: 11/18/2010) |
| 11/16/2010 | 64 | MEMORANDUM filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU. Re Magistrate Judge Jacqueline Chooljian, Magistrate Judge Patrick J. Walsh(mhe) (Entered: 11/18/2010) |
| 12/03/2010 | 93 | NOTICE of GOVERNMENT'S FILING OF DECLARATION OF ROB B. VILLEZA IN SUPPORT OF GOVERNMENT'S APPLICATION FOR REVIEW OF BOND ORDER FOR DEFENDANT DARRIN EBRON filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Attachments: # 1 Proof of Service)(Villeza, Rob) (Entered: 12/03/2010) |
| 12/06/2010 | 101 | SEALED DOCUMENT- Order (mat) (Entered: 12/09/2010) |
| 02/01/2011 | 119 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 02/01/2011) |
| 02/03/2011 | 122 | SEALED DOCUMENT- Government's Exparte |

| | | |
|---|---|---|
| | | Application for Order Sealing Document; Declaration of Rob B. Villeza.(mat) (Entered: 02/04/2011) |
| 02/03/2011 | 123 | SEALED DOCUMENT- Order (mat) (Entered: 02/04/2011) |
| 02/08/2011 | 125 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 02/08/2011) |
| 02/08/2011 | 129 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Rob B. Villeza.(mat) (Entered: 02/11/2011) |
| 02/08/2011 | 130 | SEALED DOCUMENT- Order (mat) (Entered: 02/11/2011) |
| 02/08/2011 | 131 | SEALED DOCUMENT- PLEA AGREEMENT (mat) (Entered: 02/11/2011) |
| 03/29/2011 | 140 | NOTICE of Manual Filing of SEALED DOCUMENTS filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 03/29/2011) |
| 03/30/2011 | 141 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 03/31/2011) |
| 03/30/2011 | 142 | SEALED DOCUMENT- Order (mat) (Entered: 03/31/2011) |
| 04/01/2011 | 144 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, |

| | | Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 04/01/2011) |
|---|---|---|
| 04/04/2011 | 145 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Rob B. Villeza.(mat) (Entered: 04/06/2011) |
| 04/04/2011 | 146 | SEALED DOCUMENT- Order (mat) (Entered: 04/06/2011) |
| 04/13/2011 | 158 | ARREST WARRANT RETURNED Executed on 4/13/11 as to Defendant Marlon Parris. (cbr) (Entered: 04/21/2011) |
| 04/19/2011 | 156 | EX PARTE APPLICATION for Handwriting Exemplars *(Darrin Ebron)* Filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Attachments: # 1 Proposed Order, # 2 Exhibit)(Villeza, Rob) (Entered: 04/19/2011) |
| 04/25/2011 | 159 | Rule 5(c)(3) Documents Received as to Marlon Parris (cbr) (Entered: 04/27/2011) |
| 04/29/2011 | 160 | MINUTES OF POST-INDICTMENT ARRAIGNMENT: held before Magistrate Judge Oswald Parada as to Defendant Marlon Parris (7) Count 1,7. Defendant arraigned, states true name: As charged. Defendant entered not guilty plea to all counts as charged. Attorney: David Matthew Philips for Marlon Parris, Appointed, present.Defendant is permanently detained. Case assigned to Judge Real. Plea and Trial Setting Hearing set for 5/2/2011 01:30 PM before Judge Manuel L. Real. Court Smart: 4/29/2011. (sm) (Entered: 05/03/2011) |
| 04/29/2011 | 161 | STATEMENT OF CONSTITUTIONAL RIGHTS filed by Defendant Marlon Parris (sm) (Entered: 05/03/2011) |
| 04/29/2011 | 162 | REPORT COMMENCING CRIMINAL ACTION as to |

| | | |
|---|---|---|
| | | Defendant Marlon Parris; defendants Year of Birth: 1980; date of arrest: 4/28/2011 (sm) (Entered: 05/03/2011) |
| 04/29/2011 | 163 | ORDER OF DETENTION by Magistrate Judge Oswald Parada as to Defendant Marlon Parris, (sm) (Entered: 05/03/2011) |
| 04/29/2011 | 171 | NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Marlon Parris (sj) (Entered: 05/05/2011) |
| 04/29/2011 | 176 | FINANCIAL AFFIDAVIT filed as to Defendant Marlon Parris. (Not for Public View Pursuant to the E-Government Act of 2002) (mhe) (Main Document 176 replaced on 9/28/2015) (mba). Modified on 9/28/2015 (mba). (Entered: 05/11/2011) |
| 05/02/2011 | 164 | MINUTES OF PLEA AND TRIAL SETTING held before Judge Manuel L. Real as to Defendant Marlon Parris. The Court sets the date for commencement of the Jury Trial of defendant for JUNE 14, 2011 AT 9:00 A.M. IT IS SO ORDERED.Court Reporter: Margaret Babykin. (es) (Entered: 05/03/2011) |
| 05/05/2011 | 168 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 05/05/2011) |
| 05/05/2011 | 169 | STIPULATION to Continue Trial Date and for Excludable Time Under the Speedy Trial Act from June 14, 2011 to August 17, 2011 filed by Plaintiff USA as to Defendant Darrin Ebron, Marlon Parris (Attachments: # 1 Proposed Order)(Villeza, Rob) (Entered: 05/05/2011) |
| 05/05/2011 | 172 | ORDER TO CONTINUE TRIAL DATE AND FOR EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT by Judge Manuel L. Real as to Defendant Darrin |

| | | |
|---|---|---|
| | | Ebron, Marlon Parris. Jury Trial set for 7/26/2011 09:00 AM before Judge Manuel L. Real. (pj) (Entered: 05/06/2011) |
| 05/05/2011 | 173 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Rob B. Villeza.(mat) (Entered: 05/09/2011) |
| 05/05/2011 | 174 | SEALED DOCUMENT- Order (mat) (Entered: 05/09/2011) |
| 05/05/2011 | 175 | SEALED DOCUMENT- Plea Agreement (mat) (Entered: 05/09/2011) |
| 05/25/2011 | 179 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 05/25/2011) |
| 05/25/2011 | 182 | SEALED DOCUMENT- STIPULATION to Continue Sentencing Date. (mat) (Entered: 05/31/2011) |
| 05/25/2011 | 183 | SEALED DOCUMENT- Order to Continue Sentencing Date. (mat) (Entered: 05/31/2011) |
| 06/16/2011 | 187 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 06/16/2011) |
| 06/20/2011 | 188 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing document; Declaration of Rob B. Villeza. (mat) (Entered: 06/21/2011) |
| 06/20/2011 | 189 | SEALED DOCUMENT- Order (mat) (Entered: 06/21/2011) |
| 06/20/2011 | 190 | SEALED DOCUMENT- PLEA AGREEMENT (mat) |

| | | (Entered: 06/21/2011) |
|---|---|---|
| 06/20/2011 | 191 | MINUTES OF Change of Plea Hearing held before Judge Manuel L. Real as to Defendant Marlon Parris. Defendant sworn. Court questions defendant regarding the plea. The Defendant Marlon Parris (7) pleads GUILTY to Count 1. The plea is accepted. The Court ORDERS the preparation of a Presentence Report. Sentencing set for 11/7/2011 at 01:30 PM before Judge Manuel L. Real. Court Reporter: Sandra Becerra. (cbr) (Entered: 06/22/2011) |
| 06/24/2011 | 192 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 06/24/2011) |
| 06/27/2011 | 193 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 06/30/2011) |
| 06/27/2011 | 194 | SEALED DOCUMENT- Order (mat) (Entered: 06/30/2011) |
| 08/29/2011 | 203 | SEALED DOCUMENT- Defendant's Exparte Application for Order Sealing Document; [And Related Order]; Memorandum of Points and Authorities; Declaration of Gerson S. Horn. (mat) (Entered: 09/02/2011) |
| 08/29/2011 | 204 | SEALED DOCUMENT- Order Re: Sealing of Document [And Related Order]. (mat) (Entered: 09/02/2011) |
| 08/29/2011 | 205 | SEALED DOCUMENT- Stipulation to Continue Sentencing Date. (mat) (Entered: 09/02/2011) |
| 08/29/2011 | 206 | SEALED DOCUMENT- Order to Continue Sentencing Date. (mat) (Entered: 09/02/2011) |
| 10/04/2011 | 222 | SEALED DOCUMENT- Defendant's Objections to The United States Probation Officer's Pre-Sentencing Report. |

| | | (mat) (Entered: 10/12/2011) |
|---|---|---|
| 10/05/2011 | 220 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 10/05/2011) |
| 10/07/2011 | 223 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing document; Declaration of Rob B. Villeza. (mat) (Entered: 10/13/2011) |
| 10/07/2011 | 224 | SEALED DOCUMENT- Order (mat) (Entered: 10/13/2011) |
| 10/07/2011 | 225 | SEALED DOCUMENT- Government's Position Regarding Sentencing Factors for Defendant Darrin Ebron. (mat) (Entered: 10/13/2011) |
| 10/13/2011 | 227 | SEALED DOCUMENT-Application for Authorization to File Defendant's Stipulation to continue Sentencing Date Under Seal. (mat) (Entered: 10/18/2011) |
| 10/13/2011 | 228 | SEALED DOCUMENT- Order Permitting Defendant's Stipulation to Continue Sentencing Under Seal. (mat) (Entered: 10/18/2011) |
| 10/13/2011 | 229 | SEALED DOCUMENT- STIPULATION (mat) (Entered: 10/18/2011) |
| 10/13/2011 | 230 | SEALED DOCUMENT- ORDER TO CONTINUE Sentencing Date. (mat) (Entered: 10/18/2011) |
| 10/18/2011 | 231 | SEALED DOCUMENT- Defendant's Position Regarding Sentencing Factors. (mat) (Entered: 10/24/2011) |
| 10/18/2011 | 232 | SEALED DOCUMENT- Defendant's Exparte Application for Order Sealing Defendant's Position Regarding Sentencing Factors and Related Pleadings. (mat) (Entered: 10/24/2011) |
| | | |

| 10/18/2011 | 233 | SEALED DOCUMENT- Order to Submit Document, Defendant's Position Regarding Sentencing Factors, Under Seal. (mat) (Entered: 10/24/2011) |
| --- | --- | --- |
| 10/27/2011 | 234 | NOTICE of Manual Filing of EX PARTE APPLICATION; PROPOSED ORDER SEALING DOCUMENT; AND GOVERNMENT'S SEALED DOCUMENT. filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 10/27/2011) |
| 10/28/2011 | 237 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 10/28/2011) |
| 10/28/2011 | 239 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 11/01/2011) |
| 10/28/2011 | 240 | SEALED DOCUMENT- Order (mat) (Entered: 11/01/2011) |
| 10/28/2011 | 241 | SEALED DOCUMENT- Criminal Document (mat) (Entered: 11/01/2011) |
| 10/30/2011 | 238 | SENTENCING MEMORANDUM filed by Defendant Marlon Parris (Attachments: # 1 Exhibit Military)(Philips, David) (Entered: 10/30/2011) |
| 10/31/2011 | 245 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 11/07/2011) |
| 10/31/2011 | 246 | SEALED DOCUMENT- Order (mat) (Entered: 11/07/2011) |

| 10/31/2011 | 247 | SEALED DOCUMENT- STIPULATION for an Order to Continue Sentencing of Defendants Ricky James Brascom and Jerone Brascom. (mat) (Entered: 11/07/2011) |
|---|---|---|
| 10/31/2011 | 248 | SEALED DOCUMENT- Order Re: Stipulation for an Order to Continue Sentencing of Defendants Ricky James Brascom and Jerone Brascom. (mat) (Entered: 11/07/2011) |
| 11/07/2011 | 249 | MINUTES OF SENTENCING Hearing held before Judge Manuel L. Real as to Defendant Marlon Parris. Defendant Marlon Parris (7), is sentenced on Count 1 of the Indictment to the custody of the Bureau of Prisons for a term of Eighty-seven (87) months. Supervised release for Five (5) years under the terms and conditions of the U.S. Probation Office, General Order 05-02, & 01-05. Pay a special assessment of $100. All fines and costs of imprisonment are waived. IT IS FURTHER ORDERED that all remaining counts are dismissed. Court Reporter: Bridget Montero. (es) (Entered: 11/15/2011) |
| 11/08/2011 | 250 | JUDGMENT AND COMMITMENT by Judge Manuel L. Real as to Defendant Marlon Parris (7), The defendant is sentenced on Count 1 of the Indictment to the custody of the Bureau of Prisons for a term of Eighty-seven (87) months. Supervised release for Five (5) years under the terms and conditions of the U.S. Probation Office, General Order 05-02, & 01-05. Pay a special assessment of $100. All fines and costs of imprisonment are waived. IT IS FURTHER ORDERED that all remaining counts are dismissed. (es) (Entered: 11/15/2011) |
| 11/22/2011 | 251 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 11/22/2011) |

| 11/22/2011 | 252 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 11/22/2011) |
| --- | --- | --- |
| 11/28/2011 | 260 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 12/07/2011) |
| 11/28/2011 | 261 | SEALED DOCUMENT- ORDER (mat) (Entered: 12/07/2011) |
| 11/28/2011 | 262 | SEALED DOCUMENT- Government's POSITION REGARDING SENTENCING FACTORS FOR DEFENDANT ALBERTO CRUZADO. (mat) (Entered: 12/07/2011) |
| 11/28/2011 | 263 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 12/07/2011) |
| 11/28/2011 | 264 | SEALED DOCUMENT- Order (mat) (Entered: 12/07/2011) |
| 11/28/2011 | 265 | SEALED DOCUMENT- Government's POSITION Regarding Sentencing Factors for Defendant Steven Velazquez. (mat) (Entered: 12/07/2011) |
| 12/23/2011 | 271 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 12/23/2011) |
| 12/23/2011 | 272 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, |

| | | Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 12/23/2011) |
|---|---|---|
| 01/03/2012 | 279 | SEALED DOCUMENT- DEFENDANT'S EXPARTE APPLICATION for Order Sealing Document and Related Order; Memorandum of Points and Authorities; Declaration of Gerson S. Horn. (mat) (Entered: 01/09/2012) |
| 01/03/2012 | 280 | SEALED DOCUMENT- ORDER Re: Sealing of Document[ And Related Order]. (mat) (Entered: 01/09/2012) |
| 01/03/2012 | 281 | SEALED DOCUMENT- DEFENDANT'S SENTENCING MEMORANDUM with Exhibits. (mat) (Entered: 01/09/2012) |
| 01/03/2012 | 282 | SEALED DOCUMENT- DEFENDANT'S EXPARTE APPLICATION or Order Sealing Document [And Related Order]; Memorandum of Points and Authorities; Declaration of David A. Elden. (mat) (Entered: 01/09/2012) |
| 01/03/2012 | 285 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 01/09/2012) |
| 01/03/2012 | 286 | SEALED DOCUMENT- ORDER (mat) (Entered: 01/09/2012) |
| 01/03/2012 | 287 | SEALED DOCUMENT- GOVERNMENT'S POSITION Regarding Sentencing Factors for Defendant Ricky James Brascom. (mat) (Entered: 01/09/2012) |
| 01/03/2012 | 288 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 01/09/2012) |
| 01/03/2012 | 289 | SEALED DOCUMENT- ORDER (mat) (Entered: 01/09/2012) |
| 01/03/2012 | 290 | SEALED DOCUMENT- GOVERNMENT'S POSITION |

| | | |
|---|---|---|
| | | Regarding Sentencing Factors for Defendant Jerone Brascom. (mat) (Entered: 01/09/2012) |
| 02/15/2012 | 302 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 02/15/2012) |
| 02/15/2012 | 303 | SEALED DOCUMENT-EXPARTE APPLICATION TO SEAL DOCUMENT (mg) (Entered: 02/17/2012) |
| 02/15/2012 | 304 | SEALED DOCUMENT-ORDER (mg) (Entered: 02/17/2012) |
| 05/23/2012 | 317 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 05/23/2012) |
| 05/25/2012 | 318 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 05/29/2012) |
| 05/25/2012 | 319 | SEALED DOCUMENT- ORDER (mat) (Entered: 05/29/2012) |
| 05/25/2012 | 320 | SEALED DOCUMENT- STIPULATION for an Order to Continue Sentencing of Defendant Leonardo Conception. (mat) (Entered: 05/29/2012) |
| 05/25/2012 | 321 | SEALED DOCUMENT- ORDER Re: Stipulation for an Order to Continue Sentencing of Defendant Leonardo Conception. (mat) (Entered: 05/29/2012) |
| 06/12/2012 | 322 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto |

| | | |
|---|---|---|
| | | Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 06/12/2012) |
| 06/13/2012 | 323 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 06/13/2012) |
| 06/13/2012 | 324 | SEALED DOCUMENT- ORDER (mat) (Entered: 06/13/2012) |
| 06/13/2012 | 325 | SEALED DOCUMENT- GOVERNMENT'S POSITION Regarding Sentencing Factors for Defendant Leonard Concepcion. (mat) (Entered: 06/13/2012) |
| 06/19/2012 | 327 | SEALED DOCUMENT- EXPARTE APPLICATION for Order Sealing Documents; Declaration of Victor Sherman. (mat) (Entered: 06/20/2012) |
| 06/19/2012 | 329 | SEALED DOCUMENT- STIPULATION Re: Continuance of Sentencing Date. (mat) (Entered: 06/20/2012) |
| 06/19/2012 | 330 | SEALED DOCUMENT- ORDER CONTINUING Sentencing Hearing. (mat) (Entered: 06/20/2012) |
| 09/05/2013 | 364 | NOTICE of Manual Filing of CRIMINAL DOCUMENT; GOVERNMENT'S EX PARTE APPLICATION FOR ORDER SEALING DOCUMENT; DECLARATION OF ROB B. VILLEZA AND ORDER filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 09/05/2013) |
| 09/06/2013 | 365 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 09/11/2013) |
| 09/06/2013 | 366 | SEALED DOCUMENT- ORDER (mat) (Entered: |

| | | |
|---|---|---|
| | | 09/11/2013) |
| 09/06/2013 | 367 | SEALED DOCUMENT- Document (mat) (Entered: 09/11/2013) |
| 01/07/2014 | 371 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 01/07/2014) |
| 01/09/2014 | 372 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 01/13/2014) |
| 01/09/2014 | 373 | SEALED DOCUMENT- ORDER (mat) (Entered: 01/13/2014) |
| 01/09/2014 | 374 | SEALED DOCUMENT- STIPULATION to Continue Sentencing. (mat) (Entered: 01/13/2014) |
| 01/09/2014 | 375 | SEALED DOCUMENT- ORDER (mat) (Entered: 01/13/2014) |
| 03/24/2014 | 376 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 03/24/2014) |
| 03/26/2014 | 377 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 03/27/2014) |
| 03/26/2014 | 378 | SEALED DOCUMENT- ORDER (mat) (Entered: 03/27/2014) |
| 03/26/2014 | 379 | SEALED DOCUMENT- STIPULATION to Continue Sentencing. (mat) (Entered: 03/27/2014) |

| 03/26/2014 | [380](#) | SEALED DOCUMENT- ORDER (mat) (Entered: 03/27/2014) |
|---|---|---|
| 07/02/2014 | [381](#) | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 07/02/2014) |
| 07/08/2014 | [382](#) | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 07/16/2014) |
| 07/08/2014 | [383](#) | SEALED DOCUMENT- ORDER (mat) (Entered: 07/16/2014) |
| 07/08/2014 | [384](#) | SEALED DOCUMENT- STIPULATION to Continue Sentencing.(mat) (Entered: 07/16/2014) |
| 07/08/2014 | [385](#) | SEALED DOCUMENT- ORDER Denying Stipulation to Continue Sentencing. (mat) (Entered: 07/16/2014) |
| 07/16/2014 | [386](#) | NOTICE of Manual Filing of Sealed Documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 07/16/2014) |
| 07/17/2014 | [387](#) | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 07/17/2014) |
| 07/18/2014 | [389](#) | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 07/21/2014) |

| 07/18/2014 | 390 | SEALED DOCUMENT- ORDER (mat) (Entered: 07/21/2014) |
|---|---|---|
| 07/18/2014 | 391 | SEALED DOCUMENT- GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM (mat) (Entered: 07/21/2014) |
| 07/18/2014 | 392 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Rob B. Villeza. (mat) (Entered: 07/22/2014) |
| 07/18/2014 | 393 | SEALED DOCUMENT- ORDER (mat) (Entered: 07/22/2014) |
| 07/18/2014 | 394 | SEALED DOCUMENT- GOVERNMENT'S POSITION SENTENCING FACTORS (mat) (Entered: 07/22/2014) |
| 08/04/2014 | 396 | NOTICE of Manual Filing of Sealed documents filed by Plaintiff USA as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, Steven Velazquez, Alberto Cruzado, FNU LNU (Villeza, Rob) (Entered: 08/04/2014) |
| 08/06/2014 | 402 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Rob A. Villeza. (mat) (Entered: 08/12/2014) |
| 08/06/2014 | 403 | SEALED DOCUMENT- ORDER (mat) (Entered: 08/12/2014) |
| 08/06/2014 | 404 | SEALED DOCUMENT- GOVERNMENT'S AMENDED POSITION REGARDING SENTENCING FACTORS; EXHIBIT 1. (mat) (Entered: 08/12/2014) |
| 03/06/2015 | 411 | NOTICE OF MOTION AND MOTION for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582 Filed by Plaintiff Darrin Ebron as to Defendant Ricky James Brascom, Charles Dwight Ransom, Jr, Darrin Ebron, Heriberto Lopez, Leonard Concepcion, Jerome Mondale Brascom, Marlon Parris, |

| | | |
|---|---|---|
| | | Steven Velazquez, Alberto Cruzado, FNU LNU. (Attachments: # 1 Proposed Order)(Hicks, Jamon) (Entered: 03/06/2015) |
| 04/10/2015 | 413 | STIPULATION for Order for Limited Appointment of Counsel and Reduction of Sentences Pursuant to 18 USC 3582(c)(2) filed by Plaintiff USA as to Defendant Marlon Parris (Attachments: # 1 Attachment A, # 2 Proposed Order)(Lally, Kevin) (Entered: 04/10/2015) |
| 04/13/2015 | 414 | ORDER (1) APPOINTING COUNSEL FOR THE LIMITED PURPOSE OF STIPULATING TO REDUCE DEFENDANTS SENTENCE OF IMPRISONMENT BASED ON SENTENCING GUIDELINES AMENDMENT 782 AND (2) REDUCING DEFENDANTS SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) by Judge Manuel L. Real as to Defendant Marlon Parris (7), Count(s) 1, effective November 1, 2015, defendants previously imposed sentence of imprisonment (as reflected in the last judgment issued) is reduced to 70 months of imprisonment. (pj) (Entered: 04/15/2015) |
| 01/17/2017 | 432 | ORDER RE: TRANSFER OF JURISDICTION filed by Judge Manuel L. Real as to Supervised Releasee Marlon Parris. Case transferred to Western District of Texas. (gk) (Entered: 01/27/2017) |
| 01/27/2017 | | Notice to Western District of Ttexas of a Transfer of Jurisdiction as to Defendant Marlon Parris. If you require a copy of the financial ledger, please email your request to the Fiscal Department. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: 432 Probation/Supervised Release Jurisdiction Transfer-Out (PO-22). If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov (gk) (Entered: 01/27/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/31/2017 07:34:22 | | | |
| **PACER Login:** | us4061:2653436:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cr-01236-R End date: 1/31/2017 |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |